THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Renorta J.,
 Kelly K., and David S., Defendants,
 Of Whom Renorta
 J. and Kelly K. are the Appellants.
 
 
 

In the interests of D.J., L.J., and K.K., minor
children under the age of 18.

Appeal From Barnwell County
Peter R. Nuessle, Family Court Judge

Unpublished Opinion No. 2008-UP-340
 Submitted July 1, 2008  Filed July 9,
2008

AFFIRMED

 
 
 
 Leon E. Green, of Aiken, for Appellant Kelly K.
 Pete Kulmala, of Barnwell, for Appellant Renorta J.
 Dennis M. Gmerek, of Aiken, for Respondent.
 
 
 

PER CURIAM: Renorta
 J. (Mother) and Kelly K. (Father) appeal from the family courts order
 terminating their parental rights (TPR).  Mother and Father argue the family
 court erred in finding TPR was in Childrens best interests.  We disagree.
1. We
 affirm the family courts finding Children resided in foster care, under the
 responsibility of the state, for fifteen of the most recent twenty-two months.  See S.C. Code Ann. § 20-7-1572 (Supp. 2007)
 (stating the family court may order TPR upon finding one or more of eleven
 statutory grounds is satisfied and also finding TPR is in the best interest of
 the child); S.C. Code Ann. § 20-7-1572(8) (Supp. 2007) (explaining one
 statutory ground for TPR is met when [t]he child has been in foster care under
 the responsibility of the State for fifteen of the most recent twenty-two
 months); Charleston Co. Dept of Soc.
 Servs. v. Jackson, 368 S.C. 87,
 101-02, 627 S.E.2d 765, 773 (Ct. App. 2006) (noting the purpose of this
 statutory ground is to ensure that children do not languish in foster care
 when termination of parental rights would be in their best interests).  
2. Furthermore,
 despite parents arguments to the contrary, our
 review of the record indicates termination of both parents rights is in
 Childrens best interests: Children have resided in foster care for the
 majority of their lives; Children are thriving with their foster family; and
 the foster parents plan to adopt Children.  See S.C. Code Ann. §
 20-7-121 to -122 (Supp. 2007) (listing the responsibilities of
 guardians ad litem in abuse and neglect proceedings); S.C.
 Dept of Soc. Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct.
 App. 2000) (declaring the best interests of the child are the paramount
 consideration in a TPR case); S.C. Code Ann. § 20-7-1578 (Supp. 2007) (explaining
 if the parents and childs interests conflict, the childs interests prevail).  
Accordingly,
 the family court order terminating the parental rights of Mother and Father is   
AFFIRMED.[1]
 HEARN, C.J., CURETON,
 A.J., and GOOLSBY, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.